Opinion issued June 22, 2006
 













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01036-CR




WILLIE JAMES RIVERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1003204




MEMORANDUM OPINIONAppellant, Willie James Rivera, was indicted for intoxication manslaughter. 
After a bench trial, the trial court found him guilty of the lesser-included offense of
driving while intoxicated and sentenced him to 180 days in jail. On appeal, appellant
contends that (1) the trial court erred in denying his motion to suppress his intoxilyzer
test; (2) the evidence is legally insufficient to support the conviction; and (3) the
evidence is factually insufficient to support the conviction. We affirm.BACKGROUND
          This appeal arises from a fatality accident on a Harris County highway. 
Appellant, after leaving G’s Ice House where he (as he later told an officer) consumed
four beers and a shot of tequila, approached an intersection controlled by stop lights,
and attempted to make a left turn. Jennifer Wiggins, accompanied by her boyfriend
and their two-year-old son, was driving on the road perpendicular to the one on which
appellant was traveling. Both cars entered the intersection at the same time and
collided. Wiggins’ boyfriend later died from injuries sustained in the crash. Wiggins
and her son were life-flighted to a nearby hospital, but recovered from their injuries.
          Appellant told the officer at the scene that he believed he had a green light. 
The officer, being familiar with the lights at the intersection, asked him if it was a
protected left-turn signal; appellant only responded that it was green. Wiggins
testified that as she approached the light it was red, but it turned to green before she
came to a complete stop, and she proceeded to accelerate through the intersection.
          Officer Anderson, who was the first to arrive at the scene, testified that he
noticed a “predominant odor” of alcohol on appellant’s breath, but because of the
possible injuries sustained in the crash, he did not feel it would have been worthwhile
to perform any field sobriety tests on appellant. About two hours after the crash,
appellant submitted to a blood alcohol breath test and blew 0.137 and 0.132, well
over the legal limit of 0.08.
Motion to Suppress
          In his first point of error, appellant argues that the trial court erred in not
granting his motion to suppress the breath test results because blood inside the
appellant’s mouth rendered those results invalid. On the first day of his trial,
appellant objected that the breath test results “can’t be admitted.” He did not further
elaborate. On the second day of trial, appellant urged an oral motion to suppress the
breath tests results. Again, appellant did not specify his reason for the objection. The
trial court deferred ruling on the motion until all relevant witnesses had testified. 
After hearing all the relevant evidence, the trial court denied appellant’s motion to
suppress, but appellant only reurged his objection without specifying what he was
objecting to after the trial court ruled.
          To preserve error regarding the admission of evidence, a defendant must lodge
a timely and specific objection. Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim.
App. 2000). The purpose of requiring the objection is to give to the trial court or the
opposing party the opportunity to correct the error or to remove the basis for the
objection. Norris v. State, 902 S.W.2d 428, 446 (Tex. Crim. App. 1995). 
Furthermore, arguments on appeal must comport with the objection at trial or the
error is waived. Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998).
Appellant’s objections at trial did not alert the court to the basis of his objection nor
does his issue on appeal comport with his objection at trial. Therefore, he waived any
error on review, and this point of error is overruled.
Legal Sufficiency
          In his second point of error, appellant challenges the legal sufficiency of the
evidence on the basis that (1) the breath test was improperly admitted; (2) the amount
of time that passed between the accident and his breath test works to significantly
inhibit the probative value of the breath test; and (3) there were no field sobriety tests
or videotape of the incident.
          Appellant’s first argument points toward the lack of retrograde extrapolation
evidence.


 A fact-finder may treat breath test results as probative without retrograde
extrapolation evidence. Stewart v. State, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004). 
Nor is this evidence’s probative value diminished by appellant’s argument that an
interior cut on his mouth tainted the sample. The officer testified that at the scene of
the accident he noticed drying blood on appellant’s lip; however, the breath tests were
done hours later and after he had received some medical attention. Moreover, the
officer testified that there was no blood on the clear tube attached to the breath test
machine that appellant blew into. 
          Appellant’s breath test results—well over the legal limit—coupled with the
officer’s testimony that appellant’s breath had the “predominant odor” of alcohol,
along with his admission at the scene that he had four beers and a shot of tequila, lead
to the conclusion that a rational trier of fact could have found beyond a reasonable
doubt that appellant was driving while intoxicated. Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); see also Stewart, 129 S.W.3d at 97 (upholding
DWI conviction on basis of breath test results without retrograde extrapolation
evidence, but with evidence that driver admitted to having consumed alcohol and
driver’s statement that she could not have performed field sobriety tests even if she
was sober). Accordingly, we overrule this point of error.
Factual Sufficiency
          In his third point of error, appellant contends that the evidence is factually
insufficient. “There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?” Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). “[W]e view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met.” Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga, 144 S.W.3d at
483). 
          Appellant attacks the lack of retrograde extrapolation evidence in this context
also, but that attack fails for the same reason: the results of the breath test can
certainly be taken into account in determining the factual sufficiency of the evidence. 
Stewart, 129 S.W.3d at 97. In addition to this evidence, all the evidence delineated
in the legal sufficiency challenge also works to justify a finding of guilt. 
          Appellant also argues that there is a conflict in the evidence as to when he
began to drink and that this lessens the probative value of the breath test. Appellant
told the first officer on the scene that he started drinking at G’s Ice House at about
9:00 p.m. Another officer testified that appellant told her that he had a few beers after
work (appellant having left work at 7 p.m.) and that his breath smelled of alcohol. 
These pieces of evidence, however, are not contradictory—one is simply more time-specific than the other. Nor it is problematic that there is no videotape or field
sobriety evidence. The factual sufficiency analysis looks at what evidence there is,
not what evidence was not produced at trial. See Zuniga, 144 S.W.3d at 484–85.
          Lastly, appellant asks us to consider the testimony of his accident
reconstruction expert, Dennis Bledsoe. Bledsoe testified that, from his
reconstruction, he determined that appellant was driving about 25 miles per hour and
turned from the left-turn lane. He also calculated that Wiggins’ speed at the time of
the collision was 46.7 miles per hour. Bledsoe spent six hours at the site of the
accident timing the length of light sequences (e.g., green to yellow to red), and noted
that a vehicle will only receive a green protected-turn arrow when the vehicle triggers
the sensors located at the intersection. Therefore, Bledsoe believed that appellant had
a green protected-turn arrow and did not run a red light at the intersection of the
accident.
          The evidence, delineated in both this section of the opinion and legal
sufficiency portion of the opinion, when viewed in a neutral light, is not so weak (nor
is the contrary evidence so strong) that the fact-finder was unjustified in finding guilt
of the offense of driving while intoxicated beyond a reasonable doubt. Escamilla,
143 S.W.3d at 817. Accordingly, we overrule this point of error.
                          CONCLUSION 
          We affirm the judgment of the trial court in all respects.
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack, Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).