**Dawn Kuretsch STEWART, Appellant,**

v.

**The STATE of Texas.**

**No. 324–03.**

Court of Criminal Appeals of Texas, En Banc.

March 3, 2004.

---

Stephanie Stevens, San Antonio, for Appellant.

Kerrisa J. Chelkowski, Asst. DA, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, joined by KELLER, P.J., and MEYERS, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ.

We withdraw our previous opinion and substitute this opinion. Dawn Kuretsch

Stewart was convicted of driving while intoxicated. The trial judge allowed the State to present the results of two breath tests administered to Stewart eighty minutes after she was pulled over but disallowed the State's retrograde extrapolation evidence. The Fourth Court of Appeals reversed.[1] We must decide whether that court erred in determining that breath test results are inadmissible without retrograde extrapolation evidence. We find that it did.

## Facts

Around midnight on April 4, 1999, Stewart and a friend were driving back to Pleasanton from a concert in San Antonio. Stewart was driving her friend's truck. A San Antonio police officer, Jay Rodriguez, pulled Stewart over for weaving in her own lane, making an improper lane change, and making an unsafe lane change. The officer testified that Stewart's eyes were red and glassy, and her breath smelled of alcohol. Stewart also admitted to Rodriguez that she drank a couple of beers at the concert. Officer Rodriguez conducted seven field sobriety tests on Stewart and arrested her after she failed three of them. Rodriguez related the events beginning with Stewart's traffic violations to her arrest, which were recorded on the videotape equipment in his patrol car. The officer took Stewart to the police station, where she consented to a breath test. The test results showed Stewart's blood alcohol concentration as 0.160 on one test and 0.154 on the other, both exceeding the legal limit of 0.10. About an hour and twenty minutes elapsed from the time

Stewart was pulled over until she submitted to the breath tests, which included the time to conduct the field sobriety tests, for Officer Rodriguez to complete his paperwork, for someone to pick up Stewart's friend at the scene, and to transport Stewart to the police station.

The Penal Code definition of intoxication in effect at the time of Stewart's arrest was "having an alcohol concentration of 0.10 or more"[2] or "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body."[3] The information and the jury charge contained both definitions.

The trial judge admitted Stewart's breath alcohol test results but refused to permit the State's expert to give retrograde extrapolation testimony, because the State's extrapolation expert, Mr. McDougall, conceded that he did not have enough information to determine what Stewart's alcohol concentration would have been at the time she drove. He testified that the blood alcohol concentration shown by the results of the tests taken at the police station could have been higher, lower, or the same as results that would have been obtained immediately after Stewart drove, because Stewart's body could have been absorbing or eliminating alcohol at the time of the test.

## Procedural History

Stewart was convicted by a jury of driving while intoxicated. The trial judge sentenced Stewart to 120 days in jail, probated eight months, and fined her $500 plus court costs. On appeal, the Fourth Court

1. *Stewart v. State*, 103 S.W.3d 483, 487 (Tex. App.-San Antonio 2003).

2. Act of Jun. 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696, (amended 1999) (current version at Tex. Pen. Code Ann. § 49.01(2)(B) (Vernon 2003)).

3. Act of Jun. 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696 (amended 1999) (current version at Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon 2003)).

of Appeals in San Antonio reversed Stewart's conviction, finding that the results of the test were irrelevant without retrograde extrapolation and constituted no evidence to show that Stewart was intoxicated when she drove.[4] The Court of Appeals also found that by admitting the breath test results, the trial court encouraged the jury to conduct its own retrograde extrapolation and to decide the case based on facts not in evidence.[5] The court concluded that the admission of the breath test results without retrograde extrapolation affected Stewart's substantial rights.[6] We granted the State's petition for discretionary review.

### Analysis

■ The State contends in its first two grounds for review that the Court of Appeals erred in holding that the trial court improperly admitted Stewart's breath tests results. That court found that without retrograde extrapolation evidence Stewart's breath test results were irrelevant to show that Stewart was intoxicated at the time she drove, and the results of the breath tests were no evidence that she was intoxicated at the time she was driving, because her blood alcohol concentration level could have been more or less at the time of the test than when she drove.[7] But under the Texas Rules of Evidence, " '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[8] Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence.[9]

■ The issue here is whether Stewart was intoxicated at the time she drove. Stewart's breath test results tended to make it more probable that she was intoxicated at the time she drove under either definition of intoxication because they provided evidence that she had consumed alcohol. And, there is no evidence that she consumed alcohol after driving. The breath test results—along with Officer Rodriguez's testimony and the videotape of Stewart—were probative evidence of her intoxication. The breath test results might not have been conclusive proof that Stewart was intoxicated at the time that she drove, but that is of no consequence. We conclude that the Court of Appeals erred in finding that the results of Stewart's breath tests were irrelevant without retrograde extrapolation evidence.

■ We also agree with the State that the Court of Appeals erred in using a "no evidence" standard of review in analyzing the admissibility of the breath test results. The proper inquiry is whether evidence is relevant, and if so, whether the trial court erred in finding that the probative value was not substantially outweighed by the danger of unfair prejudice.[10] Because we conclude that the breath test results were relevant evidence, it necessarily follows that the Court of Appeals erred in finding that the breath test results were no evidence.

---

4. *Stewart,* 103 S.W.3d at 486.

5. *Id.*

6. *Id.*

7. *Id.*

8. Tex.R. Evid. 401.

9. McCormick Handbook of the Law of Evidence § 185, at 436 (2d ed.1972).

10. Tex.R. Evid. 401, 402, 403.

To support its conclusion that the breath test results presented no evidence, the Court of Appeals relied on *Bagheri v. State*,[11] which in turn cites two Pennsylvania Supreme Court cases.[12] However, the Court of Appeals' reliance on *Bagheri*, and the cases cited by *Bagheri*, was misplaced. *Bagheri* addressed whether it was harmless error to admit retrograde extrapolation evidence, not the admissibility or relevancy of intoxilyzer test results.[13] Both *Jarman* and *Modaffare* concerned sufficiency, not relevancy. And these cases have since been superseded by statute.[14]

The State also argues that the Court of Appeals erred in finding that the admission of the breath test results without retrograde extrapolation evidence invited the jury to conduct its own crude retrograde extrapolation.[15] The Court of Appeals found that "[b]y simply admitting the results of the breath test, the [trial] court encouraged the jury to decide the case based on facts not in evidence."[16] Again, we agree with the State. Here, the jury had to decide whether Stewart was intoxicated at the time she drove. This meant either the jury could find that Stewart was intoxicated under the per se definition—that her blood alcohol concentration was 0.10 or more—or under the impairment theory—that she did not have the normal use of mental or physical faculties by reason of the introduction of alcohol into her body.[17] The breath test results were pieces in the evidentiary puzzle for the jury to consider in determining whether Stewart was intoxicated at the time she drove. The jury had other evidence to decide that issue, such as the arresting officer's testimony about Stewart's driving patterns before he pulled her over, the results of Stewart's field sobriety tests, Stewart's admission to the officer that she had a couple of beers at the concert, Stewart's statement that she "couldn't do [the field sobriety tests] sober," the officer's videotape recording these events, and the fact that the breath tests were conducted an hour and twenty minutes after Stewart's traffic stop.

The admission of the breath test results did not necessarily encourage the jury to engage in its own crude retrograde extrapolation because the jury did not need to establish Stewart's exact blood alcohol concentration at the time that she drove. The jury only needed to believe beyond a reasonable doubt that either her blood alcohol concentration was 0.10 or more, or that she failed to have the normal use of her mental or physical faculties by reason of introduction of alcohol into her body, at the time she drove. The breath test results were properly admitted evidence to consider with all of the other evidence of intoxication to determine if Stewart was intoxicated at the time she drove. We find that the Court of Appeals erred in finding that the trial court encouraged the jury to

---

11. *Bagheri v. State*, 87 S.W.3d 657, 660 n. 1 (Tex.App.-San Antonio 2002), *aff'd on other grounds*, 119 S.W.3d 755 (Tex.Crim.App. 2003).

12. *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229, 1231 (1992); *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233, 1235 (1992).

13. *Bagheri*, 87 S.W.3d at 660–61.

14. *See Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669, 674 n. 7 (1995); 75 Pa. Cons. Stat. § 3731 (2003).

15. *Stewart v. State*, 103 S.W.3d 483, 486 (Tex. App.-San Antonio 2003).

16. *Id.*

17. *See* Act of Jun. 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696, (amended 1999) ((current version at Tex. Pen.Code Ann § 49.01) (Vernon 2003)).

decide the case based on facts not in evidence.

■ Nevertheless, we disagree with the State's argument that the Court of Appeals erred in finding that the trial court improperly admitted Stewart's breath test results because the Transportation Code creates absolute admissibility of breath test results. The State contends that the Texas Legislature has mandated the admissibility of intoxilyzer results in driving while intoxicated cases because Section 724.064 of the Texas Transportation Code provides that evidence of alcohol concentration shown by analysis of a person's breath taken at the request of a peace officer is admissible.[18] We recently rejected this argument in *Bagheri v. State*.[19] We explained that "the determination that breath tests results should be admissible in DWI prosecutions without the necessity of establishing the scientific basis for such tests under *Daubert* and *Kelly* does not, in our opinion, relieve the State of the burden of showing that those tests results in any given case are relevant, in the sense that they accurately reflect the subject's alcohol concentration at the time of the offense."[20] But, we believe that the State met its burden by showing that Stewart's breath test results were relevant.

■ The dissent contends that "relevancy does not end the inquiry" and concludes that the evidence is barred by Rule 403.[21] Although Stewart argued this on appeal, the Court of Appeals did not reach this issue because it found that the breath test results were irrelevant and presented no evidence of Stewart's intoxication at the time she drove.[22] The Court of Appeals'

opinion addressed only relevancy and harm, so these are the only issues properly before us. Therefore, in this case, relevancy does end the inquiry.

In its third ground for review, the State argues that the Court of Appeals conducted an improper harm analysis. Because we have concluded that the trial court did not err in admitting Stewart's breath test results without retrograde extrapolation, we need not address this ground.

### Conclusion

We conclude that the Court of Appeals erred in finding that the trial court improperly admitted Stewart's breath test results. The judgment is reversed and remanded to the Court of Appeals to address Stewart's remaining points of error.

WOMACK, J., filed a concurring opinion, joined by MEYERS and JOHNSON, JJ.

PRICE, J., filed a dissenting opinion.

WOMACK, J., filed a concurring opinion, joined by MEYERS and JOHNSON, JJ.

We withdraw our previous and substitute this opinion. I join the opinion of the Court. I write only to emphasize that, because of the peculiar procedural posture of this appeal, that opinion does not resolve the problem that faces trial courts: whether to admit breath-test results without extrapolation evidence. This appeal presents only half of the problem, relevancy. As Judge Price's opinion, *post,* points out, there are serious issues about the

---

18. Tex. Transp. Code Ann. § 724.064 (Vernon 2003).

19. *Bagheri v. State,* 119 S.W.3d 755, 760 (Tex. Crim.App.2003).

20. *Id.*

21. Tex.R. Evid. 403.

22. *Stewart v. State,* 103 S.W.3d 483, 486 (Tex. App.-San Antonio 2003).

other half, weighing the relevancy value against possibly unfair prejudicial effect.

PRICE, J., filed a dissenting opinion.

I write separately for two reasons: first, because the majority does not fully discuss the law governing the admissibility of the evidence, and second, because I believe the trial court erred in allowing the State to present the breath test results without demonstrating that the appellant's blood alcohol concentration was greater than 0.10 while she drove. I dissent because I conclude that the appellant was harmed by the admission of the breath test results into evidence.

The breath test results were inadmissible in this case because, although they were relevant under Texas Rule of Evidence 401, without retrograde extrapolation evidence, the results were substantially more prejudicial than probative under a Texas Rule of Evidence 403 analysis. Pursuant to Rule 401, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This means the evidence must be both material and tend to prove the proposition for which it is offered.[1] To be material, evidence must support a proposition that is either provable or a controlling matter.[2] Here, the breath test results were material in that the appellant's consumption of an intoxicating substance was a controlling matter to her conviction for driving while intoxicated. The evidence, even in the absence of retrograde extrapolation evidence, tends to prove the appellant had, at the very least, consumed alcohol before the

breath tests were administered. But the fact that the appellant had consumed alcohol at some time before the breath tests were administered, does not establish that she was intoxicated at the time she drove. Therefore, I believe the breath test results were of limited relevance. Without retrograde extrapolation evidence, the tests were relevant only for the limited purpose of demonstrating that the appellant had consumed alcohol at some time before the tests were administered.

Yet relevancy does not end the inquiry in determining whether the disputed evidence is admissible because the appellant objected on the basis of Texas Rule of Evidence 403, as well. In addition to being relevant, the evidence must clear the additional bar set by Rule 403. Rule 403 permits the exclusion of otherwise relevant evidence, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative issues." The breath test results do not pass muster under Rule 403 because they present a substantial danger of unfair prejudice.

The breath test results are prejudicial because they led the jury to an inference, which the trial court found that the State could not prove through retrograde extrapolation evidence, namely, that because appellant scored greater than 0.10 on the breath tests, she was intoxicated at the time she drove. Additionally, the breath test results are prejudicial because "[t]he prosecutor repeatedly argued that because Stewart's alcohol concentration was more than 0.10, she was intoxicated."[3] As the Court of Appeals astutely described in its

1. CATHLEEN C. HERASIMCHUK, TEXAS RULES OF EVIDENCE HANDBOOK 194 (3d ed.1998).

2. *Ibid.*

3. *Stewart v. State,* 103 S.W.3d 483, 486 (Tex. App.-San Antonio 2003).

opinion below, in the absence of retrograde extrapolation evidence, "[t]his argument fails to make the connection that the offense requires a finding that the defendant was impaired or had an alcohol concentration of more than 0.10 *while operating a motor vehicle.*"[4] This connection is a required element the State must prove in a driving while intoxicated case.

A person may be convicted of driving while intoxicated only "if the person is intoxicated while operating a motor vehicle."[5] In order to prove a person is intoxicated, the State must demonstrate either that, at the time in question, the individual had a blood alcohol level of 0.10 or more, or that the individual did "not have[ ] the normal use of mental or physical faculties by reason of the introduction of alcohol[ ] . . . into the body."[6] In the absence of retrograde extrapolation testimony, the breath test results are relevant only to whether the appellant consumed alcohol before the breath tests were administered and not evidence of her intoxication at the time she drove.

Without the retrograde extrapolation evidence, the State was required to prove intoxication, not by demonstrating that she had a blood alcohol concentration of 0.10, but by demonstrating that the appellant did not the have normal use of her faculties by reason of introduction of alcohol into her body. Consequently, while the breath test results were probative of the appellant's introduction of alcohol into her body, they were not proof of appellant's intoxication at the time that she drove.[7] The probative value of the breath test

evidence in demonstrating the appellant's consumption of alcohol is substantially outweighed by the unfair prejudice associated with scoring 0.160 or 0.154 on a breath test. Additionally, the State's argument that the appellant was driving while intoxicated because her blood alcohol concentration was greater than 0.10 only added to the substantial prejudice inherent in the initial admission of the breath test results. In sum, the breath test results were inadmissible because their probative value was substantially outweighed by the danger of unfair prejudice.

I agree with the Court of Appeals that the trial court erred in admitting the evidence, albeit for different reasons. Additionally, I believe that the Court of Appeals was correct in concluding that the appellant was harmed by the trial court's error. The admission of the breath test results is nonconstitutional error, and under Texas Rule of Appellate Procedure 44.2(b), a reviewing court should disregard any error that does not affect the appellant's substantial rights. We have interpreted this to mean that the conviction should not be reversed when, after examining the record as a whole, the reviewing court has a fair assurance that the error did not influence the jury or had but a slight effect.[8]

After reviewing the entire record, I do not believe it is a fair statement to say that the erroneous admission of the breath test results did not influence the jury or had only slight effect. The State was required to prove that the appellant was driving while intoxicated in one of three

---

**4.** *Ibid.* (emphasis in original).

**5.** Tex. Pen.Code § 49.04(a).

**6.** *See* Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696, (amended 1999) (current version at Tex. Pen. Code § 49.01).

**7.** *See Manning v. State,* 114 S.W.3d 922, 929 (Tex.Crim.App.2003) (Price, J., concurring).

**8.** *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim.App.1998).

ways. First, the State could have demonstrated that the appellant had a blood alcohol concentration of 0.10 at the time she drove. Because the State could not prove appellant's intoxication—either through retrograde extrapolation or otherwise—at the time she drove, the appellant could not be convicted of driving while intoxicated under this theory of guilt. Second, the State could have demonstrated that the appellant was intoxicated at the time she drove by demonstrating that she lost control of her mental faculties. This too the State could not prove. Rather, the arresting officer testified that he had no opinion one way or the other regarding whether the appellant had the normal use of her mental faculties. Finally, the State was left with demonstrating that the appellant was intoxicated through the loss of control of her physical faculties. The State presented a video of the appellant's driving and subsequent sobriety tests. The evidence presented at trial demonstrated that the appellant passed four of the seven field sobriety tests. I cannot say that this evidence overwhelmingly demonstrated the appellant's loss of her physical faculties. In sum, after reviewing the record as a whole, I do not have a fair assurance that the erroneous admission of the breath test results did not influence the jury or had but a slight effect.

While the breath test results were relevant evidence in tending to prove that the appellant had consumed alcohol before she drove, because the State could not prove that the appellant was intoxicated at the time she drove through the test results, their probative value was limited. The evidence should not have been admitted by the trial court because its limited probative value was substantially outweighed by the danger of the unfair prejudice associated with scoring 0.160 and 0.154 on the breath tests. Because the jury could not have avoided the prejudicial influence of the evidence, the appellant was harmed by the erroneous admission of the breath test results. For the foregoing reasons, I respectfully dissent.