MEMORANDUM OPINION




No. 04-03-00178-CR



Israel LOPEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court of Atascosa County, Texas


Trial Court No. 22882


Honorable Fred Moore, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: June 9, 2004


AFFIRMED

 Israel Lopez appeals his conviction of driving while intoxicated, arguing that the trial court
erred in allowing testimony of his breath test results in violation of Texas Rule of Evidence 402 and
in encouraging the jury to decide the case based on facts not in evidence. We overrule both issues and
affirm the judgment of the trial court.

Background


 On October 7, 2001 at around 1:30 in the morning, Appellant Israel Lopez, accompanied by
his wife, was driving home from a bar. State Trooper Valerie Galvan stopped Lopez's car for
speeding. Upon approaching the vehicle, she requested Lopez's license and insurance information
which he provided. Because Trooper Galvan smelled a strong odor of alcohol emitting from inside
the car, she asked Lopez whether he had been drinking that night. Lopez replied that he had
consumed two beers. Trooper Galvan then asked Lopez to step out of his vehicle and proceeded to
administer several field sobriety tests. Based on the results of these tests, she determined that Lopez
was intoxicated and placed him under arrest for DWI.

 Trooper Galvan took Lopez to the local Texas Department of Public Safety office where she
requested that Lopez provide a breath sample. Using an Intoxilyzer 5000 and employing standardized
testing procedures, Trooper Galvan administered the breath test. According to Trooper Galvan, she
asked Lopez to breathe twice into the intoxilyzer with the samples being taken about a minute and
a half to two minutes apart. The first test showed an alcohol concentration of 0.120, and the second
one resulted in an alcohol concentration of 0.124. Both results were above the legal limit of 0.08. 

 During trial, Melinda Casarez, a technical supervisor for the Texas Department of Public
Safety, was called to give testimony about the technique for retrograde extrapolation. This technique
would determine Lopez's approximate blood alcohol concentration at the time he was driving.
However, in order to reach this calculation, Casarez needed information about the time Lopez was
stopped, the time he took the breath test, the last time he ate, how much he weighs, what and how
much he had to drink, and whether he had taken any medications. Because the State had not
previously admitted evidence of the above criteria, Casarez did not have the necessary information
for retrograde extrapolation. The trial court, thus, prohibited Casarez from testifying about retrograde
extrapolation. However, the trial court did allow the State to admit the breath test results into
evidence. Accordingly, although Casarez testified to the meaning of those results without referring
to the extrapolation, she was unable to testify about whether Lopez's alcohol concentration was
higher or lower when he was driving.

Discussion


 In his first issue, Lopez argues that the breath test results were irrelevant and inadmissible
pursuant to Texas Rule of Evidence 402. The Texas Court of Criminal Appeals, however, in Stewart
v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004), recently held that evidence of breath test results
is probative and admissible. In doing so, the court of criminal appeals held that this court erred in
finding that the results of the defendant's breath tests were irrelevant without retrograde extrapolation
evidence. We must, therefore, overrule Lopez's first issue.

 In his second issue, Lopez argues that the trial court erred in encouraging the jury to decide
the case based on facts not in evidence. According to Lopez, by admitting the breath test results
without retrograde extrapolation evidence, the trial court encouraged the jury to engage in its own
retrograde extrapolation. The court of criminal appeals also addressed this issue in Stewart and held
that the trial court did not commit error:

 Here, the jury had to decide whether Stewart was intoxicated under the per se
definition--that her blood alcohol concentration was 0.10 or more--or under the
impairment theory--that she did not have the normal use of mental or physical
faculties by reason of the introduction of alcohol into her body. The breath test results
were pieces in the evidentiary puzzle for the jury to consider in determining whether
Stewart was intoxicated at the time she drove. The jury had other evidence to decide
that issue, such as the arresting officer's testimony about Stewart's driving patterns
before he pulled her over, the results of Stewart's field sobriety tests, Stewart's
admission to the officer that she had a couple of beers at the concert, Stewart's
statement that she "couldn't do [the field sobriety tests] sober," the officer's
videotape recording these events, and the fact that the breath tests were conducted
an hour and twenty minutes after Stewart's traffic stop. The admission of breath test
results did not necessarily encourage the jury to engage in its own crude retrograde
extrapolation because the jury did not need to establish Stewart's exact blood alcohol
concentration at the time that she drove. The jury only needed to believe beyond a
reasonable doubt that either the blood alcohol concentration was 0.10 or more, or that
she failed to have the normal use of her mental and physical faculties by reason of
introduction of alcohol into her body, at the time she drove. The breath tests were
properly admitted evidence to consider with all of the other evidence of intoxication
to determine if Stewart was intoxicated at the time she drove. We find that the court
of appeals erred in finding that the trial court encouraged the jury to decide the case
based on facts not in evidence.


Stewart, 129 S.W.3d at 97-98. 

 Similarly, here, Trooper Galvan testified that when she stopped Lopez for speeding, she
smelled a strong odor of alcohol emitting from the inside of Lopez's car. According to Trooper
Galvan, Lopez stated that he was coming from a bar and had drunk two beers. Trooper Galvan
testified that Lopez failed three different field sobriety tests. There was, therefore, other evidence of
Lopez's intoxication. Following Stewart, we cannot find that the trial court encouraged the jury to
decide the case based on facts not in evidence. We overrule Lopez's second issue. 

Conclusion


 Having overruled both issues, we affirm the judgment of the trial court.


 Karen Angelini, Justice


Do not publish