COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VALERIE M. HERNANDEZ, | § | No. 08-09-00111-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 12 |
| | § | |
| THE STATE OF TEXAS, | | of Bexar County, Texas |
| | § | |
| Appellee. | | (TC# 254392) |
| | § | |

## O P I N I O N

Valerie Hernandez was convicted of driving while intoxicated, second, and sentenced to one year in jail. On appeal, she challenges the trial court's decision to admit evidence of her blood alcohol concentration (BAC) without retrograde extrapolation.

Jerime Phoenix, a detention officer with the Bexar County Sheriff's Office, testified that on the night of January 13, 2008, he was traveling eastbound on IH-35 when he saw a spark from the car in front of him. The car turned hard into the guardrail and came to a stop in a grassy area abutting the freeway. Phoenix pulled over behind the vehicle and started to call 911. He attempted to assist the driver, Appellant, but could not get a response. He opened the door and asked Appellant if she could get out. She had "kind of slurred speech" and was "kind of incoherent" and Phoenix could not make out anything she was saying. Phoenix helped her get out of the vehicle. Phoenix testified that as he moved her to the curbed area, she could not control her footing. Her eyes were red, glossy, and almost sleepy. There was also a very faint smell of alcohol. Phoenix asked Appellant if she had been drinking, and she admitted to having

three or four drinks.  When other officers arrived at the scene, Phoenix observed that Appellant was very nervous.  On cross-examination, Phoenix admitted that much of the information in his testimony regarding Appellant's post-accident behavior was not included in his accident report.

Jarrod Evans, a paramedic with the San Antonio Fire Department, testified that he responded to the accident involving Appellant.  Evans did a head-to-toe trauma inspection of Appellant but did not find any life-threatening injuries.  Appellant only complained that she was dizzy and had a headache.  Evans testified that Appellant was not giving normal, appropriate responses to his questions and was not talking very much.  Evans noticed some slurred speech and alcohol on her breath.  Appellant denied having alcohol or doing drugs at the time.

Tommy Johnson, an officer with the San Antonio Police Department, testified that he came into contact with Appellant shortly following the accident.  Johnson testified that Appellant had bloodshot, glossy eyes.  She gave off a strong odor of alcohol when she spoke.  Appellant was not asked to do any field sobriety tests because the officers' main concern was her safety and well-being.  Johnson testified that the officers were initially treating the case as one for intoxication manslaughter, but the investigation changed to one for DWI because the victim was walking in a roadway and active traffic lane.

At the emergency room, Appellant underwent both a "medical" blood draw and a "legal" blood draw.  Ronald Lynch, an emergency room nurse, testified that he did the medical blood draw at 2:20 a.m. and the legal blood draw at 3:39 a.m.  Lynch said that Appellant was very quiet and he could smell alcohol on her.

The medical blood draw, taken approximately 51 minutes after the accident, showed a BAC of 0.192.  The legal blood draw, taken approximately two hours after the accident, showed

a BAC of 0.14. Rod McCutcheon, chief toxicologist with the Bexar County Medical Office, testified about the body's process of metabolizing alcohol.

In Appellant's sole point of error, she argues that the trial court abused its discretion and Texas Rules of Evidence Rule 702 and Rule 403 by admitting the BAC evidence without extrapolating back to the time of the offense.

A trial court's ruling on the admission or exclusion of evidence, including expert testimony, is reviewed under an abuse of discretion standard. *Pena v. State*, 155 S.W.3d 238, 243 (Tex.App.--El Paso 2004, no pet.). An abuse of discretion exists when the trial court's decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Id*. The trial court abuses its discretion if its decision is arbitrary, unreasonable, and made without reference to any guiding rules or principles. *Id*. at 243-44.

The Court of Criminal Appeals has held that breath tests are admissible without the use of retrograde extrapolation evidence. *Stewart v. State*, 129 S.W.3d 93, 97 (Tex.Crim.App. 2004). A jury is not required to establish the defendant's blood alcohol level at the time of the accident to convict a person of DWI. *Id*. Instead, the jury need only believe beyond a reasonable doubt that either: (1) the defendant's blood alcohol level was .10 or more; or (2) the defendant failed to have the normal use of her mental or physical faculties by reason of introduction of alcohol into her body at the time she drove. *Id*.

Appellant argues that the *Stewart* case only focuses on relevancy. She urges this Court to conduct a Rule 403 analysis and weigh the relevancy value against the prejudicial value. Appellant cites *State v. Mechler* to support her argument. In *Mechler*, the Court of Criminal Appeals held that blood alcohol results were admissible without retrograde extrapolation because

they made it more probable that the defendant was intoxicated while driving, and the probative value outweighed the risk of unfair prejudice under Rule 403. 153 S.W.3d 435, 440 (Tex.Crim.App. 2005). In accordance with *Mechler*, we must therefore conduct a Rule 403 analysis to determine whether the trial court abused its discretion in allowing the BAC evidence.

In *Mechler*, the Court used four factors in its Rule 403 analysis: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Id*. The Court determined that the intoxilyzer results indicated that Mechler had consumed alcohol and tended to make it more probable that he was intoxicated at the time of driving. *Id*. Therefore, the first factor weighed in favor of admissibility. The Court concluded that the BAC was not irrational because it related directly to the charged offense. Accordingly, the second factor weighed in favor of admissibility. *Id*. at 440-41. The third factor also weighed in favor of admissibility because presenting the evidence would not take undue amounts of time to explain, since the results bore directly on the charged offense. *Id*. at 441. Finally, the Court determined that the fourth factor weighed in favor of exclusion because the State had other probative evidence to establish Mechler's intoxication. *Id*. The Court concluded that the sum of the factors weighed in favor of admissibility. *Id*. at 442.

In this case, Appellant concedes that it is well settled that a BAC does tend to make it more likely that at the time of the event a DWI defendant had an illegal amount of alcohol in her blood. Therefore, the first factor weighs in favor of admissibility.

For the second factor, Appellant points out that the BAC evidence was introduced in conjunction with evidence that there was a death involved with the accident. The State correctly

points out that the pedestrian victim was mentioned to establish how Appellant came into contact with the police. The BAC results spoke directly to the charged offense. Therefore, the second factor weighs in favor of admissibility and did not impact the jury in an irrational and indelible way.

For the third factor, Appellant argues that the State's expert confused and distracted the jury with testimony explaining the machinery and the complex math needed to determine what the BAC was in the medical draw. However, the blood test results relate directly to the charged offense and could not have distracted the jury away from the charged offense regardless of the time required to present the results. The third factor weighs in favor of admissibility.

For the fourth factor, Appellant argues that the State did not have sufficient need for the evidence because it had other probative evidence, *i.e.*, the testimony regarding Appellant's slurred speech and odor of alcohol and her admission to having "three or four drinks." We agree with the State that even though there was other evidence of intoxication, the need for the BAC evidence was still substantial because of Appellant's argument that her indications of intoxication may have been symptoms from the car crash. The test results helped the State establish that the symptoms were due to intoxication and not the aftereffects of the crash. Additionally, Appellant was not asked to perform any field sobriety tests due to the fact that she was involved in a major crash. The fourth factor weighs in favor of admissibility.

After applying the four factors under Rule 403, we conclude that they weigh in favor of admissibility and that the trial court did not abuse its discretion in allowing the BAC evidence. We overrule Appellant's sole point of error and affirm the judgment of the trial court.

April 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)