

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00485-CR

CHRISTOPHER DANIEL LANE                                        APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury found Appellant Christopher Daniel Lane guilty of driving while intoxicated (DWI) with a child passenger and assessed his punishment at twenty-two months' confinement in state jail. *See* Tex. Penal Code Ann. § 49.045 (West 2011). The trial court sentenced him accordingly. In a single point, Lane argues that the evidence was legally insufficient to prove that he was intoxicated.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 10:30 p.m. one night, Granbury Police Officer Richard Branum saw a white truck turn right at an intersection without coming to a complete stop at the red light. Officer Branum turned on his patrol lights, which activated the video recorder in his patrol car, and stopped the truck. When he made contact with the driver of the truck, Lane, the officer noticed that Lane's eyes were bloodshot and watery and could smell the odor of alcoholic beverage on Lane's breath. Lane's girlfriend, Joy Holder, and her thirteen-year-old daughter, Tristan Sandifer, were passengers in the truck.

Believing that Lane might be intoxicated, Officer Branum asked Lane to get out of the truck. The officer testified that a Bud Ice beer bottle cap fell to the ground when Lane stepped out, although this was not visible on the video. Officer Branum conducted field sobriety tests on Lane. The officer observed six out of six possible clues of intoxication from the HGN test,[2] four clues on the walk-and-turn test, and no clues on the one-leg-stand test. Officer Branum arrested Lane.

On the drive to the jail, Lane called Officer Branum names and threatened to "kick [his] ass" if he ever saw the officer out of uniform. At the jail, Lane pulled

---

[2]Lane told Officer Branum that he had an eye injury from being recently hit in the face with a beer bottle and complained of pain when Officer Branum had Lane follow the officer's finger with his eye. Officer Branum testified that he had checked Lane's eyes for equal tracking and equal pupil size prior to conducting the horizontal gaze nystagmus (HGN) test to verify that he was a "candidate[]."

down his pants and made comments to jail staff about them wanting to see his penis and look in his rectum area, and about the size of his testicles. Lane bent over, spread his "cheeks," and asked the jail staff "if they wanted to look up there, too." After Lane refused a blood test, Officer Branum submitted paperwork for a mandatory blood withdrawal and took Lane to the Lake Granbury Medical Center for the blood draw. Thirty-four minutes after the traffic stop, a phlebotomist drew Lane's blood at the hospital. A forensic scientist for the Texas Department of Public Safety Crime Lab analyzed Lane's blood sample and determined that it had an alcohol concentration of .15 grams per 100 milliliters of blood.

At the trial, Officer Branum, the phlebotomist, and the forensic scientist testified for the State, and the State introduced into evidence the videotape from Officer Branum's patrol car and the blood test results. During the punishment stage of the trial, the State called Texas Department of Public Safety Trooper Shane Neal, who testified about Lane's previous arrest for DWI twenty-five days prior to his arrest for the instant offense. Lane testified on his own behalf.

### III. STANDARD OF REVIEW

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

3

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

### IV. SUFFICIENCY OF THE EVIDENCE

Lane argues in one point that insufficient evidence exists to prove that he was intoxicated. Specifically, he argues that the State did not present expert testimony of retrograde extrapolation regarding the results of his blood-alcohol test and that no other evidence logically raised an inference that he was intoxicated at the time of driving.

4

The penal code defines intoxication as either "not having the normal use of mental or physical faculties by reason of the introduction of alcohol" (the impairment theory) or "having an alcohol concentration of 0.08 or more" (the per-se theory). Tex. Penal Code Ann. § 49.01(2) (West 2011). The State is required to prove only one of these definitions of intoxication. *See Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003). The court of criminal appeals has explained,

> BAC-test results, even absent expert retrograde extrapolation testimony, are often highly probative to prove both per se and impairment intoxication. However, a BAC-test result, by itself, is not sufficient to prove intoxication at the time of driving. There must be other evidence in the record that would support an inference that the defendant was intoxicated at the time of driving as well as at the time of taking the test. . . . Other evidence that would logically raise an inference that the defendant was intoxicated at the time of driving as well as at the time of the BAC test includes, *inter alia*, erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, any admissions by the defendant concerning what, when, and how much he had been drinking—in short, any and all of the usual indicia of intoxication.

*Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *see Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).

Here, the jury charge contained only the impairment theory of intoxication, and the State relied on that theory at trial. Lane points to Officer Branum's testimony that Lane did not demonstrate any clues on the one-leg-stand test and only a "few clues" on the walk-and-turn test, that Lane was not speeding or weaving while driving, and that he pulled his truck over "immediately and without

5

incident when the officer signaled him to pull over." But under the applicable standard of review, viewing all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Lane was intoxicated when Officer Branum stopped him. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The results of Lane's blood-alcohol test showed that his blood-alcohol concentration was more than twice the legal limit thirty-four minutes after the stop. *See* Tex. Penal Code Ann. § 49.01(2)(B). Even without retrograde extrapolation, the results are probative and relevant under the impairment theory of intoxication because they "'tend to make it more probable that [Lane] was intoxicated at the time of driving.'" *Kirsch*, 306 S.W.3d at 744 (quoting *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)); *Stewart*, 129 S.W.3d at 96; *Williams v. State*, 307 S.W.3d 862, 868 (Tex. App.—Fort Worth 2010, no pet.). Moreover, Officer Branum testified that Lane had bloodshot, watery eyes, that an odor of alcoholic beverage was coming from his breath, that a beer bottle cap fell from Lane's truck when he got out, and that he exhibited several clues of intoxication during the field sobriety tests. *See Kirsch*, 306 S.W.3d at 745. Officer Branum testified that, based on his observations of Lane, he believed that Lane had lost the normal use of his mental and physical faculties by reason of introduction of alcohol into his system. *See Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("The testimony of a police officer that an individual is intoxicated is probative evidence of intoxication."). According to the court of criminal

appeals, Lane's refusal to provide a blood sample also tends to show a consciousness of guilt on his part. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) ("Evidence of the [defendant's] refusal to submit to a breath test . . . tends to show a consciousness of guilt on his part."); *see also* Tex. Transp. Code. Ann. § 724.061 (West 2011) (providing that refusal to give blood specimen is admissible at trial). Viewing the evidence in the light most favorable to the verdict, as we must, we hold that the evidence is sufficient to support Lane's conviction for DWI with a child passenger, and we overrule his sole point. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

## V. CONCLUSION

Having overruled Lane's sole point, we affirm the trial court's judgment.


SUE WALKER
JUSTICE


PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 19, 2012