

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-12-00357-CR

LEONARDO GALLEGOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2687, Honorable Gordon Houston Green, Presiding

September 26, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Leonardo Gallegos, Jr., appeals his conviction for the offense of interference with child custody,[1] and resulting sentence of two years in a state jail facility (SJF) and a fine of $10,000. Both the incarceration and fine were suspended in lieu of five years of community supervision. Appellant contends that the evidence was insufficient to support the jury's verdict, and that the trial court erred in ruling on specific evidentiary matters. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 25.03(a)(1) (West Supp. 2012).

Factual and Procedural Background

Appellant and Oniria Xochitl Cavazos[2] were formerly married. Of this marriage, four children were born. At the time of the incident in question, all of the children were under 18 years of age. Appellant and Cavazos were divorced and a final decree of divorce was entered on July 9, 2010. The divorce decree contains specific provisions regarding possession and access to the children. Specifically, the decree provides:

> IT IS ORDERED that the conservators shall have possession of the [children] at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the [children] under the specified terms set out in this Standard Possession Order.

The decree then sets forth the specified terms of possession that are applicable to the case before the Court as follows:

> Summer possession by Oniria Xochitl Gallegos- Oniria Xochitl Gallegos shall have possession of the children beginning at 6:00 pm on June 1 until June 15 at 6:00 pm and beginning at 6:00 pm on July 1 until July 15 at 6:00 pm.

On July 1, 2011 at approximately 6:00 p.m., Cavazos arrived at appellant's residence to pick up the children. Appellant refused to surrender possession of the children to her. Cavazos went to the Muleshoe, Texas police department to seek assistance. She then returned to appellant's residence accompanied by Officer Edwards of the Muleshoe police. Edwards, having previously reviewed the final divorce decree, advised appellant that Cavazos was entitled to possession of the children. Appellant refused to surrender the children to Cavazos. At this time, Edwards advised appellant that he might be subject to prosecution for the offense of interference with

---

[2] In the divorce decree, Cavazos's last name is still listed as Gallegos.

child custody. Such warning failed to dissuade appellant, and he continued to refuse to turn over possession of the children to Cavazos. Appellant was subsequently indicted for four counts of interference with child custody.

Appellant was tried November 21, 2011, and found guilty as charged by the jury. He now brings forth two issues on appeal. In his first issue, appellant contends that the evidence was insufficient to support the verdict of the jury, more specifically, regarding whether appellant knowingly and intentionally violated the custody order. In his second issue, appellant complains about a variety of trial court rulings regarding the admissibility of certain evidence. After reviewing the record, we will affirm.

## Sufficiency of the Evidence

Appellant's argument regarding the sufficiency of the evidence may be summed up that the State failed to produce evidence that appellant knowingly and intentionally[3] violated the trial court's order regarding possession of the children because Cavazos testified that, in the past, she and appellant did not always follow the terms of the divorce decree regarding possession of the children.

Standard of Review

The standard of review for a challenge to the sufficiency of the evidence is set forth in Brooks v. State and its progeny. See 323 S.W.3d 893, 912 (Tex.Crim.App. 2010) (holding that the evidentiary sufficiency test of Jackson v. Virginia, 443 U.S. 307,

---

[3] While appellant challenges the sufficiency of the evidence of whether he knowingly and intentionally violated the terms of the divorce decree, the offense of interference with child custody requires proof only that appellant knowingly violated the terms of the divorce decree. See TEX. PENAL CODE ANN. § 25.03(a)(1).

319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the sole basis for the test of sufficiency of the evidence). We refer the parties to this standard of review.

Analysis

Although appellant is correct that Cavazos did testify that, in the past, the parties had, at times, agreed to terms of possession other than those specifically set forth in the decree of divorce, there is other testimony in the record upon which the jury could have based its decision. First, appellant specifically told Edwards that he was aware of the terms of the divorce decree. This is important because the decree recites that, unless the parties otherwise mutually agree in advance, the specific terms of possession set forth therein shall govern. Cavazos testified that, on the day of the event, there was no mutual agreement to vary from the specified terms of possession. Accordingly, the parties were to go by the times of possession specified in the decree. On the date of this occurrence, Cavazos was entitled to possession of the children at 6:00 p.m., as per the decree. The evidence clearly shows that she did not get possession and that appellant knowingly refused to follow the specified term of the divorce decree. Therefore, the jury could have rationally found that appellant knowingly violated the terms of the existing court order regarding possession of the children. See id. Appellant's first issue is overruled.

Evidentiary Issues

Appellant next complains of certain evidentiary rulings made by the trial court. Although appellant's issue is somewhat multifarious, we have ascertained that, in essence, appellant complains about rulings made by the trial court regarding the

4

relevancy of certain lines of questions, and the ruling of the trial court regarding the admission of appellant's hand-written statement. We will address these issues in turn.

Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. See Burden v. State, 55 S.W.3d 608, 615 (Tex.Crim.App. 2001). We will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. See id.

Analysis

Appellant's first complaint is that the trial court refused to allow presentation of certain questions regarding the past dealings between appellant and Cavazos regarding possession of the children. Evidence is relevant that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Appellant contends that this line of questioning goes to the issue of whether he knowingly or intentionally violated the court order. However, this would only be true if there had been a mutual agreement to vary the possession of the children at the time in question from the specified method set forth in the decree. As we have previously noted, such was not the testimony. There was no mutual agreement. This means that for the State to meet its burden of proof, all that it had to produce was evidence regarding the terms of the decree regarding possession of the children on the date in question, that appellant knew there was no mutual agreement between the parties and, therefore, specific visitation terms applied, and the actions of appellant when presented with Cavazos's attempt to pick up

5

the children. Therefore, the proffered line of questions did not tend to make the existence of any fact of consequence more probable and, thus, the evidence was not relevant. Id.

Appellant cites the Court to Stewart v. State, 129 S.W.3d 93, 96 (Tex.Crim.App. 2004), for the proposition that the evidence at issue need not, by itself, prove or disprove a particular fact to be relevant; that it is sufficient if it provides a slight nudge toward proving or disproving some fact of consequence. This is a true statement of the law. However, appellant's citation to the case does not help his proposition because, as we have previously stated, at the time in question, there was no mutual agreement between appellant and Cavazos. Therefore, testimony about previous agreements was not relevant. TEX. R. EVID. 401.

In connection with this issue, appellant has also complained that the trial court sustained the State's objection without the State specifically stating the grounds for the objection. While the record does reflect that, before the State could finish the objection, the trial court sustained it without the specific ground for the objection being stated, the record also reflects that appellant attempted to address this line of questioning earlier in the trial. During the cross-examination of Edwards, appellant attempted to elicit questions concerning the previous dealings between appellant and Cavazos on the issue of custody and the State objected on grounds of relevancy. The trial court sustained the objection. The same line of questioning was before the trial court at the instance complained of by appellant. From this, it is apparent what the State's objection was and the trial court sustained the same before it could be fully voiced. While such action was, in its most formal sense, not appropriate, there can be little question what

6

the trial court's ruling was based on. This aside, appellant has provided no citation to authority that would require this Court to find that the trial court's actions were not proper under the circumstances existing when it occurred. Appellant's objections to the trial court's ruling on relevancy of the proposed testimony are overruled.

Appellant also contends that the trial court's ruling on the admissibility of appellant's written statement was in error. Appellant's theory seems to be that, because the State had Edwards testify about a sentence from the statement given by appellant, the entire statement was then relevant. The statement at issue was a four-page, hand-written statement that, along with admitting that appellant was aware of the terms of the custody order in place, which was the portion introduced by Edwards's testimony, contained a list of grievances that appellant had toward Cavazos regarding her functions as a custodial parent of the children. None of these complaints dealt with the issue of whether or not appellant violated the existing court order. As such, they were not relevant to the trial of appellant for interference with child custody.

Appellant also contends that the statement was admissible because the State opened the door for its admission by using a portion of the statement. Under appellant's theory of admissibility, the statement was admissible to correct a false impression with the jury that invites the other side to respond. See Daggett v. State, 187 S.W.3d 444, 452 (Tex.Crim.App. 2005). Daggett simply stands for the well-known proposition that, if a defendant makes a blanket statement of good conduct, he may open the door to other extraneous evidence by leaving a false impression with the jury. Id. Exactly what false impression was left with the jury in the case before the Court is not explained. Our view of the record is that there was no false impression, rather

appellant simply wanted to present evidence that Cavazos was not a fit custodial parent. That issue was not being tried nor was the same relevant in these proceedings. Appellant's contention to the contrary is overruled. Accordingly, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.