

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0379-09

**BRIAN THOMAS KIRSCH, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

**PRICE, J., filed a dissenting opinion in which MEYERS, J., joined.**

## DISSENTING OPINION

When the evidence of the appellant's blood alcohol concentration (BAC) was admitted at trial, the jury was instructed that it was to consider that evidence for a limited purpose. The trial judge never released the jury from that restriction—to the contrary, during the State's final argument, he reminded the jury that it was "still required to abide by" the limiting instruction. Resolution of this appeal turns, it seems to me, on an accurate assessment of the meaning and import of that limiting instruction.

The appellant contends that the limiting instruction informed the jury that it could not consider the BAC evidence as evidence of the appellant's BAC at the time he was driving, but could only consider it as some evidence that the appellant had consumed *some* quantity of alcohol at *some* point before the specimen of his blood was taken at the hospital. Thus construed, the limiting instruction would render the evidence of the appellant's BAC similar in import to evidence that his breath smelled of alcohol; that is to say, it is *relevant* to the issue of intoxication, but hardly, by itself, determinative. Evidence having this import only, the appellant contends, cannot support submission of the *per se* theory of intoxication under the DWI statute because, given the limiting instruction, there would be no evidence of the appellant's BAC at all, much less what his BAC might have been at the time he was driving. It is true that evidence of BAC at the time that the specimen is drawn may, even without evidence of retrograde extrapolation, support submission of the *per se* theory of DWI—that is, if it is accompanied by other, circumstantial evidence from which the jury could reasonably deduce that the accused's BAC at the time the specimen was taken is likely to reflect a BAC at the time he was driving that was *at least* .08. But I doubt we would ever be willing to say that, in the absence of any evidence of BAC *at all*, the evidence can support a conviction under the *per se* theory of intoxication.

I fully agree with the Court that there was no basis to give *any* limiting instruction in this case. That is perhaps the most important point, from a jurisprudential standpoint, to be

taken from the Court's opinion today. Our case law does not require evidence of retrograde extrapolation before BAC evidence can support submission of the *per se* theory of intoxication in the jury charge—again, so long as there is other, circumstantial evidence in the case from which a jury could rationally infer that BAC at the time of driving was *at least* .08 or above.[1] This is not to say that BAC evidence must always be admitted. In certain cases it may be that the BAC evidence should be excluded under Rule 403.[2] Such evidence may prove substantially more prejudicial than probative if the attendant circumstantial evidence does *not* compellingly support an inference that BAC at the time of driving was at least .08, because the jury may be encouraged to uncritically infer a BAC at the time of driving that is not well justified by the evidence.[3] When BAC evidence is thus excluded under Rule 403, I presume we would hold that there is no evidentiary basis to submit the *per se* theory of intoxication in the jury charge. Here, the trial judge did not exclude the BAC evidence on the basis that its potential for unfair prejudice overcame its probative value, under Rule 403. Moreover, I cannot imagine on the facts of this case that he would have been justified in doing so. Nor, as the Court explains, was there any basis for limiting the

---

[1] *Stewart v. State*, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004).

[2] TEX. R. EVID. 403.

[3] *Gigliobianco v. State*, 210 S.W.3d 637, 643 (Tex. Crim. App. 2006); *State v. Mechler*, 153 S.W.3d 435, 449 (Tex. Crim. App. 2005) (Cochran, J., concurring).

evidentiary impact of the BAC evidence.[4] I therefore agree that the trial judge should never have given the limiting instruction in the first place. But give it he did, and he never rescinded it. And if the appellant is right about its import, then it seems to me that it would be as if the trial court *had* excluded the BAC evidence under Rule 403—a jury charge on *per se* intoxication would be unwarranted.

Everything depends, it therefore seems to me, on what the limiting instruction actually instructed. Putting aside for the moment what the trial judge *actually* said to the jury in giving the limiting instruction, he made clear on the record that what he *meant* to convey was that the jury's consideration of the BAC evidence should be limited exclusively to "showing that the individual who was tested had ingested alcohol at some time prior to the test." This language would plainly prohibit the jury from considering the BAC evidence as any evidence whatsoever of the appellant's actual BAC, whether at the time the specimen was taken *or* at the time of driving. Instead, the jury should regard it like evidence of the odor of alcohol on the breath; that is, it is relevant to show, but insufficient by itself to *prove*, intoxication under the *per se* theory. If this had been what the trial judge had actually told the jury, then I think that the appellant's argument would be well taken. There would be no evidence of BAC (or at least of BAC *qua* BAC) at all, at *any* point in time, and therefore no basis for submitting the *per se* theory of intoxication in the jury charge.

---

[4] Majority opinion at 14-16.

But when it came to actually instructing the jury, the trial judge did not say precisely what he said he was going to say. The Court holds that, by adding the modifier "only" (and particularly, by adding it at the place in the sentence where he *did*), the trial judge actually expressed a limitation upon the BAC evidence that was much narrower than what he intended. I disagree. In my view, any way you parse it, what the trial judge told the jury constitutes the expression of a limitation that would have prohibited the jury from using the BAC evidence *qua* BAC evidence.

The Court says that the appellant's construction of the actual limiting instruction has "misplaced the modifier" by making the word "only" modify the "what" phrase ("ingested alcohol") rather than the "when" phrase ("at some point before the time of the test").[5] It is important to recognize that the trial judge did not *need* an "only" to modify any phrase in the instruction in order to get his intended meaning across.[6] I concede that adding (and moving)

---

[5] *Id*. at 16-17.

[6] In order to best express his obvious intent, the trial judge need not have added a modifier at all, but should simply have told the jury the same thing he told the attorneys he was *going* to tell the jury, *viz*: that the BAC evidence was "received for the limited purpose of showing that the individual who was tested had ingested alcohol at some time prior to the test." If he was going to use "only" as a modifier at all, he most sensibly would have used it to express that the BAC evidence was "received only for the limited purpose of showing that the individual who was tested had ingested alcohol at some time prior to the test." A jury given either of these instructions would have had no trouble understanding that it was not to consider the BAC evidence as evidence of what the accused's BAC actually was at the time of the test or at any other time, including at the time of driving. It was simply some evidence relevant to show that the appellant had "ingested alcohol at some time prior to the test"—period. It would not authorize, nor could a jury have reasonably construed it to authorize, consideration of the BAC evidence *qua* BAC evidence.

the modifier changes the potential meaning of the sentence. But it seems to me that regardless of whether one adds a modifier to the sentence, and wherever one happens to place it, the instruction still has the effect of prohibiting the jury from considering the BAC evidence *qua* BAC evidence.

Here is what the trial judge *meant* to tell the jury:

> The BAC evidence will be received by the Court for the limited purpose of showing that the individual who was tested had ingested alcohol at some point before the time of the trial. That is the only purpose for which it will be offered and the only purpose for which you should receive it at this time in this trial.

Here is what he *actually* told the jury (with added emphasis on the modifier):

> The BAC evidence "will be received by the Court for the limited purpose of showing that the individual who was tested had ingested alcohol ***only*** at some point before the time of the test. That is the only purpose that will be offered [sic] and the only purpose for which you should receive it at this time in this trial."

This instruction informed the jury that its consideration of the BAC evidence was limited to its tendency to show that the appellant had ingested alcohol, and that he had ingested alcohol, if at all, only at some point before the time of the test (as opposed to at some *other* point in time, such as *after* the time of the test). Whatever else may be said about this instruction,[7]

---

[7] A limitation upon the jury's consideration of the BAC evidence to its relevance to prove some fact of consequence occurring some time *after* the test, while not necessarily inaccurate or misleading, is trivial and wholly unnecessary. It would have been readily apparent to the jury without an instruction that *whatever* the relevance of the BAC evidence (whether *qua* BAC evidence, or merely to show that the appellant had "ingested alcohol" at some point in time), it was to prove a fact of consequence occurring *before* the test was taken.

it plainly prohibits the jury from considering the BAC evidence for any *other* purpose, including *qua* BAC evidence. Any instruction that evidence has been received for a "limited" or exclusive (*i.e.*, "only") purpose *necessarily* means that it has *not* been received for any purpose *not* expressly embraced within the language of limitation.

Moving the modifier does not fundamentally change the exclusionary character of the limiting instruction—at least not with respect to the question of whether it would permit the jury to consider the BAC evidence *qua* BAC evidence. Here is how the instruction would read moving the word "only" so that it modifies the "what" phrase (again, with added emphasis on the modifier):

> The BAC evidence "will be received by the Court for the limited purpose of showing that the individual who was tested had ***only*** ingested alcohol at some point before the time of the test. That is the only purpose that will be offered [sic] and the only purpose for which you should receive it at this time in this trial."

This instruction would have informed the jury that its consideration of the BAC evidence is limited to its tendency to show that the appellant had ingested alcohol, and *only* alcohol, to the exclusion of any *other* substance (or that he had *only* "ingested" alcohol, and not done something *else* with it), at some point before the time of the test.[8] Whatever it is that this

---

[8] Indeed, even placing the modifier before the "what" phrase "ingested alcohol," it is still possible, if perhaps not preferable, to read it to modify the "when" phrase. Much could depend upon the trial judge's inflection when giving such an instruction. A jury might reasonably construe the instruction to mean that its consideration of the BAC evidence would be limited to whatever tendency it has to prove that the appellant ingested alcohol, and that he did so *only* at some time before the test (as opposed to some other time).

manifestly ambiguous instruction *would* authorize the jury to consider, it continues plainly to prohibit the jury from considering the BAC evidence for any *other* purpose, including *qua* BAC evidence.

In short, the efficacy of the instruction to preclude the jury from considering the BAC evidence *qua* BAC evidence does not turn—indeed, is not logically dependent in any way—upon the placement of the (gratuitous) modifier. If anything, the addition of the modifier, wherever it appears in the sentence, actually serves to increase (albeit in illogical and inconsequential ways) the limitation placed upon the jury's use of the BAC evidence. It does not expand the universe of available uses to which the BAC evidence may be put. Any way you cut it, the jury is prohibited from using the BAC evidence as any evidence of the appellant's BAC, either at the time of the test *or* at the time he was driving.

For this reason, I agree with the appellant that the evidence did not support submission of the *per se* theory of intoxication in the DWI jury instructions. The appellant objected to the inclusion of this theory in the jury charge, and so the error calls for reversal of the conviction if the record admits of "some" harm.[9] Given that there was BAC evidence on the jury's radar, the inclusion of the *per se* theory of intoxication in the jury charge may have caused the jury to ignore the limiting instruction and rely upon the BAC evidence *qua* BAC evidence even though it had been plainly told not to. At the very least the inclusion of the

---

[9] *Warner v. State*, 245 S.W.3d 458, 463 (Tex. Crim. App. 2008).

*per se* theory of intoxication in the jury charge may have engendered confusion in the jury with respect to whether it could ignore the limiting instruction. Under the circumstances, it is more than just conceivable that the jury gave short shrift to its obligation to consider whether the appellant was guilty under the only theory (loss of normal physical or mental faculties) that was properly (properly, that is, in light of the limiting instruction that was *also* given, however erroneously or gratuitously) submitted. I would therefore reverse the judgment of the court of appeals and remand the cause for a new trial. Because the Court does not, I respectfully dissent.

Filed:         February 10, 2010
Publish