No. 04-14-00070-CR

## TO THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

**STEFAN KIRK GAY** **Appellant**

**v.**

**THE STATE OF TEXAS** **Appellee**

**Appeal from the 274th Judicial District Court**
**Guadalupe County, Texas**
**Trial Court Cause No. 13-1169-CR-A**

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**SUSAN SCHOON**
**Schoon Law Firm, P.C.**
**200 N. Seguin Avenue**
**New Braunfels, Texas 78130**
**PH: (830) 627-0044**
**FAX: (830) 620-5657**
**State Bar No. 24046803**

**Attorney for Appellant**

# TABLE OF CONTENTS

Index of Authorities..................................................................ii

Statement Regarding Oral Argument.................................................1

Statement of the Case..................................................................1

Statement of Procedural History.....................................................1

Ground for Review.....................................................................2

Argument and Authorities.............................................................2

Prayer for Relief........................................................................5

Certificate of Compliance.............................................................7

Certificate of Service...................................................................8

Appendix (Opinion of the Fourth Court of Appeals)

# INDEX OF AUTHORITIES

**Cases**

*Gay v. State*, 2015 Tex.App. LEXIS 1786.......................................................*passim*
(Tex.App.—San Antonio, February 25, 2015)

*Kuciemba v. State*, 310 S.W.3d 460......................................................................2
(Tex.Crim.App. 2010)


**Statutes**
TEX. R.APP.PRO 66, et seq...............................................................................1

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW STEFAN KIRK GAY, Appellant in this cause, by and through his attorney of record, Susan Schoon, and pursuant to the provisions of TEX.R.APP.PRO. 66, et seq., moves this Court to grant discretionary review, and in support will show as follows:

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## STATEMENT OF THE CASE

Stefan Kirk Gay, Appellant was convicted of felony driving while intoxicated, a third degree felony. (CR 3)[1] The jury found Appellant guilty and the Court assessed punishment at ten years confinement, probated for ten years.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented one issue in his appellate brief. In a Memorandum Opinion, the Fourth Court of Appeals affirmed the conviction. *Gay v. State*, 2015 Tex. App. LEXIS 1786 (Tex.App.—San Antonio, delivered February 25, 2015). (See Appendix) This petition was due to be filed on March 27, 2015, but counsel is requesting an extension to May 8, 2015 concurrent with the filing of this petition.

---

[1] CR refers to Clerk's Record; RR refers to Reporter's Record

1

**GROUND FOR REVIEW:  The Court Of Appeals erred by focusing on an issue that was uncontested, and failing to address appellant's argument that the evidence was insufficient to prove that Appellant was operating a motor vehicle <u>while</u> intoxicated.**

## ARGUMENT AND AUTHORITIES

The Court of Appeals erred in affirming appellant's conviction for felony driving while intoxicated by failing to address appellant's argument:   This was error.

### The Court of Appeals' Analysis

Despite correctly identifying appellant's specific complaint, the Court of Appeals failed to address his argument. *Slip op.* at 3, 5.   Citing *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010), the Court agreed that "...the State must show a 'temporal link' between the defendant's intoxication and his operation of the vehicle." *Id* at 5.   Yet, the Court's analysis wholly fails to address the issue.

In his brief, Appellant summarized his argument:  "Appellant complains on appeal that the evidence was insufficient to prove that he was intoxicated while operating a motor vehicle.  He concedes that the evidence of intoxication is sufficient, as is the evidence of vehicle operation.  It is any evidence of the concurrence of these elements that is lacking in this case. (Appellant's Brief, p. 6)

2

Appellant points out the following: "No one even saw Appellant in the car at all, much less operating it in any way. There is absolutely no evidence of the time of driving or the time of the accident. The engine was not running, the lights were not on, and the keys were misplaced when officers arrived and later found on the ground next to the car. There is no evidence as to how long Appellant had been at the accident scene waiting for someone to come by to provide assistance. He could not have called for help himself—his cell phone had been damaged in the accident, so at whatever point in time the accident occurred, he would have been stranded until seen by a passing motorist. The accident occurred in a rural area were very few cars travel, particularly if the accident happened in the later hours of the night or early hours of the morning (Appellant's Brief, p. 11)

Further, Appellant cited evidence that there were three to six empty beer bottles thrown on the ground in front of the car, cold to the touch, one between the driver's seat and door, and an ice chest in the trunk that still contained unopened beer. (Appellant's Brief, p. 9). As appellant pointed out, this evidence is important to consider as a factor in evaluating the link between driving and intoxication. *Id.*

Instead of focusing on the "temporal link" argument, the Court only concerned itself with evidence supporting intoxication at the time officers were

called to the scene and after, as if Appellant had challenged the intoxication element of the offense:

> Here, the responding officer, Deputy Garza, testified he suspected Gay was intoxicated when he arrived at the scene. Deputy Garza also stated Gay smelled of alcohol, was slurring his words, and was unsteady on his feet. Corroborating these observations, Trooper Worley testified Gay smelled strongly of alcohol, was slurring his words, and had bloodshot eyes. Trooper Worley also testified Gay admitted he had consumed a few beers earlier that evening, around 8:30 or 9:00 p.m., before he drove his vehicle home. In addition to the testimony from the officer and the trooper, the jury heard testimony from Ms. Fletcher, who testified Gay removed open beer bottles from his vehicle before law enforcement arrived. The evidence also showed Gay was unable to successfully perform standard field sobriety tests, and his blood sample showed an alcohol concentration level of 0.225 grams of alcohol per one hundred milliliters of blood, more than two times the legal limit. Although the blood sample was taken approximately three hours after Deputy Garza first encountered Gay, Gay's high alcohol concentration level was still more than twice the legal limit, and according to the testimony of Ms. Mudd, this supported an inference that Gay's blood alcohol content would have been between 0.265 and 0.345 if he had stopped drinking at 2:30 A.M." *Slip op.* at 5

This paragraph constitutes the entirety of the Court's limited analysis. The last line above demonstrates the deficiency: Based on the extrapolation testimony, the Court wrongly focused on the probability that Appellant was intoxicated at 2:30 A.M. Again, appellant conceded that he was intoxicated at that time. The Court of Appeals never addressed the lack of evidence of when he operated the vehicle, or the evidence of alcohol consumption at the scene. In fact, the only time it is mentioned, other than correctly identifying Appellant's complaint, is within the Court's recitation of the facts in its section on *Background*: "However, [Ms.

4

Fletcher] admitted she never saw Gay behind the wheel of the vehicle and she did not know how long Gay had been waiting for help." *Slip op.* at 2.

Appellant conceded in his brief that he was intoxicated when Ms. Fletcher responded to his calls for help on the side of the road, sometime between 2:30 and 3:00 A.M., when officers arrived on scene at approximately 3:37 A.M., and three hours later when his blood was drawn. (Appellant's Brief, p. 7). He conceded that he operated a vehicle. *Id.* His sole issue is that the evidence is insufficient to show that he operated a vehicle while intoxicated. Evidence relevant to this issue was ignored.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment, or in the alternative, remand to the Court of Appeals for analysis of the correct issue.

Respectfully Submitted:

Schoon Law Firm, P.C.
200 N. Seguin Avenue
New Braunfels, TX 78130
PH:   (830) 627-0044
FAX: (830) 620-5657

5

By: _____
Susan Schoon
State Bar No. 24046803
Attorney for Appellant

6

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the Microsoft Word count tool,

this document contains 1272 words.

SUSAN SCHOON
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and will mail 10 copies of said petition with the Clerk of the Court of Criminal Appeals; a true and correct copy of the foregoing *Petition for Discretionary Review* was faxed to the District Attorney for the 25th Judicial District at 830-303-2137, and mailed to the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711 on this the 8th day of May, 2015.

_____
SUSAN SCHOON

# APPENDIX

*Gay v. State*, 2015 Tex. App. LEXIS 1786 (Tex. App.—San Antonio, delivered February 25, 2015)



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00070-CR

Stefan Kirk **GAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1169-CR-A
Honorable Gary L. Steel, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: February 25, 2015

AFFIRMED

A jury found Stefan Kirk Gay guilty of driving while intoxicated, third offense. The trial court sentenced Gay to ten years' confinement, but suspended the sentence and placed Gay on ten years' probation. Gay appeals, arguing that the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

### BACKGROUND

At trial, the State called four witnesses. Yvonne Fletcher testified that around 2:30 a.m. or 3:00 a.m., she was delivering newspapers in a rural area when she saw a vehicle "wrecked out" in

a ditch on the side of the road. When she approached the vehicle, Gay was standing outside the vehicle, calling for help. Ms. Fletcher told Gay she had called the Luling Police Department for help, and Gay responded by saying she was "going to get him arrested." Ms. Fletcher testified she saw Gay remove bottles from the passenger seat of his vehicle and throw them in the front of the vehicle. Ms. Fletcher also testified Gay was slurring his words and staggering when he walked. However, she admitted she never saw Gay behind the wheel of the vehicle, and she did not know how long Gay had been waiting for help.

Guadalupe County Deputy Clinton Garza testified he received a dispatch for a one-vehicle accident. When he arrived, he found Ms. Fletcher and Gay standing near a vehicle in a ditch about thirty yards from the main road. Deputy Garza testified that when he approached Gay, he smelled alcohol, and he noticed that Gay was unsteady on his feet and slurring his words. According to the deputy, Gay told him he was on his way home when he missed a stop sign and wrecked around 8:00 p.m. the previous evening, and he had been waiting for someone to stop and help him because his cell phone was broken and he could not call anyone. Deputy Garza testified he conducted a visual inspection of the scene and saw an open beer bottle in the vehicle next to the driver's seat and five or six empty beer bottles on the ground outside the vehicle.

Department of Public Safety Trooper Chris Worley testified that when he arrived at the scene, he noticed a strong odor of alcohol emanating from Gay, and that Gay had bloodshot eyes and slurred speech. Gay told Trooper Worley he had "a few beers" at a friend's house around 8:30 or 9:00 p.m. that previous evening — despite having told Deputy Garza that he wrecked his vehicle around 8:00 p.m. Trooper Worley testified he administered standardized field sobriety tests, consisting of: (1) the horizontal gaze nystagmus ("HGN"), (2) the one-legged stand, and (3) the walk and turn. Gay exhibited all six clues of intoxication on the HGN test, three out of a possible four clues of intoxication on the one-legged stand test, and five out of a possible eight clues of

intoxication on the walk and turn test. Gay was placed under arrest for driving while intoxicated and transported to the Guadalupe County Jail. Gay refused to provide a breath or blood sample; however, due to Gay's prior DWI convictions, Gay was transported to the Guadalupe Regional Medical Center for a mandatory blood draw.[1] *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011) (stating that officer shall take blood draw if person arrested for DWI has two prior DWI convictions).

Anna Mudd, a toxicologist with the Department of Public Safety crime lab, testified she performed an analysis of Gay's blood sample. Ms. Mudd testified Gay's blood contained 0.225 grams of alcohol per one hundred milliliters of blood, well over the legal limit of. 0.08. Ms. Mudd opined that if Gay had stopped drinking around 2:30 a.m. — around the time he encountered the original witness and law enforcement — Gay's blood alcohol content would have been even higher, between 0.265 and 0.345

After hearing the evidence, the jury found Gay guilty, and the trial court placed Gay on ten years' probation. This appeal timely followed.

## ANALYSIS

On appeal, Gay claims that the evidence is legally insufficient to support his conviction. Specifically, he argues there is no evidence to prove he was operating a motor vehicle while intoxicated, i.e., any evidence to prove a temporal link between his intoxication and driving.

---

[1] Gay does not challenge the warrantless blood draw based on the Supreme Court's decision in *Missouri v. McNeely*, __ U.S. __, 133 S.Ct. 1552 (2013), which held that in the absence of a warrant, the State must demonstrate the existence of exigent circumstances or some other exception to the warrant requirement prior to obtaining a nonconsensual blood draw. *See State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *9 (Tex. Crim. App. Nov. 26, 2014); *Aviles v. State*, 443 S.W.3d 291, 294 (Tex. App.—San Antonio 2014, pet. filed) (holding blood draw pursuant to section 724.012(b) of Transportation Code violated Fourth Amendment); *McNeil v. State*, 443 S.W.3d 295, 300 (Tex. App.—San Antonio 2014, pet. filed) (same); *Weems v. State*, 434 S.W.3d 655, 665 (Tex. App.—San Antonio 2014, pet. granted) (same).

### *Standard of Review*

In Texas, when reviewing the sufficiency of the evidence in a criminal appeal, we apply the only standard for reviewing the sufficiency of evidence — the legal sufficiency standard as set out in *Jackson v. Virginia. Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref d). Under this standard, we must consider all of the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899; *Mayberry*, 351 S.W.3d at 509. As a reviewing court, we may not sit as the "thirteenth juror," and we must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Brooks*, 323 S.W.3d at 899; *Mayberry*, 351 S.W.3d at 509. The standard requires us to resolve any inconsistencies in the testimony in favor of the verdict. Accordingly, in analyzing a legal sufficiency challenge, we will determine whether the necessary inferences are reasonable based on the combined force of the evidence, direct and circumstantial, when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Mayberry*, 351 S.W.3d at 509.

### *Application*

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). The Penal Code defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2)(A), (B) (West 2011).

- 4 -

The State does not need to establish the exact time of an accident or when the defendant was operating the vehicle to prove the defendant was driving while intoxicated. *Kuciemba v. State,* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *Kennemur v. State,* 280 S.W.3d 305, 314 n.8 (Tex. App.—Amarillo 2008, pet. ref'd). However, the State must show a "temporal link" between the defendant's intoxication and his operation of the vehicle. *Kuciemba,* 310 S.W.3d at 462. Driving while intoxicated may be supported solely by circumstantial evidence. *Id.*

Here, the responding officer, Deputy Garza, testified he suspected Gay was intoxicated when he arrived at the scene. Deputy Garza also stated Gay smelled of alcohol, was slurring his words, and was unsteady on his feet. Corroborating these observations, Trooper Worley testified Gay smelled strongly of alcohol, was slurring his words, and had bloodshot eyes. Trooper Worley also testified Gay admitted he had consumed a few beers earlier that evening, around 8:30 or 9:00 p.m., before he drove his vehicle home. In addition to the testimony from the officer and the trooper, the jury heard testimony from Ms. Fletcher, who testified Gay removed open beer bottles from his vehicle before law enforcement arrived. The evidence also showed Gay was unable to successfully perform standard field sobriety tests, and his blood sample showed an alcohol concentration level of 0.225 grams of alcohol per one hundred milliliters of blood, more than two times the legal limit. Although the blood sample was taken approximately three hours after Deputy Garza first encountered Gay, Gay's high alcohol concentration level was still more than twice the legal limit, and according to the testimony of Ms. Mudd, this supported an inference that Gay's blood alcohol content would have been between 0.265 and 0.345 if he had stopped drinking at 2:30 a.m. *See Kuciemba,* 310 S.W.3d at 463 (stating that appellant's high blood alcohol level – more than twice the legal limit – supports inference he had been intoxicated for "quite some time").

We hold the evidence admitted during the trial — Gay's admission that he drank earlier that evening, his failure to successfully complete the field sobriety tests, and the testimony of the

investigating authorities and the toxicologist — is sufficient to support Gay's conviction. *See, e.g., Gigliobianco v. State*, 210 S.W.3d 637, 639–42 (Tex. Crim. App. 2006) (holding that 0.09 and 0.092 alcohol concentration results of breath tests taken seventy-five minutes after defendant was operating vehicle had considerable probative value in proving either statutory definition of intoxication); *Stewart v. State*, 129 S.W.3d 93, 95–97 (Tex. Crim. App. 2004) (holding that 0.154 and 0.160 alcohol concentration results of breath tests taken eighty minutes after defendant was operating vehicle had considerable probative value). Accordingly, when viewing the evidence in the light most favorable to the conviction, we hold there is sufficient evidence for a rational trier of fact to have found Gay guilty of the offense of DWI. Gay's sole issue is overruled.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish