

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00425-CR

---

SAUL ORTIZ, APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from the 84th District Court
Hansford County, Texas,
Trial Court No. CR-01636, Honorable James M. Mosley, Presiding

---

July 28, 2021

OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Saul Ortiz, was convicted following a jury trial of his third offense of driving while intoxicated and was sentenced to four years confinement.[1] In a single issue, Appellant asserts the State's evidence at trial was legally insufficient to support his conviction. We disagree, and affirm the judgment and sentence.

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2020) (a third-degree felony).

## Background

An indictment issued alleging that on or about July 13, 2014, Appellant intentionally and knowingly operated a motor vehicle in a public place while intoxicated. The indictment also alleged Appellant previously had been convicted of the offense of driving while intoxicated in May 2000 and June 2004.

Appellant was released on bond in October 2014. In May 2016, Appellant failed to appear at a docket call; a judgment of forfeiture of bond was signed. Appellant could not be located for three years until, in June 2019, Appellant was arrested while attempting to re-enter the United States from Mexico.

At trial, the State's evidence showed that on the afternoon of July 13, 2014, Hansford County Sheriff's Deputy Shawn Hubbard received a call reporting a reckless driver. She found Appellant driving on FM 520 and observed him driving across a yellow line into the lane of oncoming traffic. At approximately 4:00 p.m., Deputy Hubbard activated her overhead lights and initiated a traffic stop.

Hubbard testified that during the stop Appellant seemed coherent and alert. However, when asked to present identification, Appellant "pass[ed]" over his driver's license in his wallet a few times. Deputy Hubbard assisted Appellant in retrieving it. Hubbard also smelled alcoholic beverage on Appellant breath and asked him if he had anything to drink. Appellant replied that he had consumed ten beers. Based on his erratic driving, his breath smelling of alcohol, and admitted consumption of ten beers, Hubbard arrested Appellant for driving while intoxicated.

Deputy Hubbard arranged for Appellant's car to be towed and inventoried its contents. Approximately one hour from the time Hubbard initiated the stop of Appellant's vehicle, the tow truck arrived; Hubbard then took Appellant to the police station.

Approximately fifteen minutes later, Hubbard and Appellant arrived at the station where Appellant submitted to two breathalyzer tests. The first sample rendered a blood-alcohol concentration of .298; the second sample rendered a BAC of .309. Both samples were at least three times in excess of the legal limit of 0.08.

Maria Ceniceros testified that her company bonded Appellant in October 2014. Thereafter, Appellant missed two court dates. Robert Mahaffee, Hansford County Sheriff, testified a warrant had been issued for Appellant's arrest in May 2016, for bond forfeiture, and that Appellant was arrested attempting to re-enter the United States from Mexico in 2019.

Following a jury verdict of guilty, the trial court signed a judgment imposing a sentence of four years' confinement. On appeal, Appellant contends the following:

> [T]he State of Texas failed to produce evidence of retrograde extrapolation, and also failed to produce other evidence of intoxication that would support an inference that the defendant was intoxicated at the time of driving as well as at the time of taking the BAC test.

Legal Sufficiency—Standard of Review

We apply one standard to evaluate the evidentiary sufficiency to support a criminal conviction beyond a reasonable doubt: legal sufficiency. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether any

3

reasonable juror could have found the essential elements of the offense beyond a reasonable doubt. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

In a legal sufficiency review, circumstantial evidence is as probative as direct evidence, and a conviction can be supported solely by circumstantial evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Although we consider all the evidence admitted at trial, we do not reevaluate the weight and credibility of the evidence, nor do we substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W.3d at 448-49.

To obtain a DWI conviction, the State must prove that the defendant operated a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2020). Under Texas law, intoxication may be proven in two ways: (1) an impairment theory—loss of "the normal use of mental or physical faculties by reason of the introduction of alcohol," or (2) a per se theory—having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2) (West 2011). *See Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). The impairment and per se theories are not mutually exclusive. *Id.* at 743.

4

Analysis

Appellant contends the State's evidence is insufficient because there was no expert testimony of retrograde extrapolation[2] at trial and no other evidence of intoxication that would support an inference that he was intoxicated at the time of driving as well as the time of the taking the breathalyzer tests.[3] We disagree.

Contrary to Appellant's contention, the Court of Criminal Appeals has held for more than fifteen years that alcohol content tests "are probative without retrograde extrapolation testimony." *State v. Esparza*, 413 S.W.3d 81, 88 n.26 (Tex. Crim. App. 2013) (quoting *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)). "Breath or blood test results can be relied upon, even without retrograde extrapolation testimony, along with other evidence of intoxication to determine whether a particular defendant was intoxicated, as the term is defined, at the time of driving." *Ramjattansingh v. State*, 548 S.W.3d 540, 548-49 (Tex. Crim. App. 2018) (citing *Stewart v. State*, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004)). The trial court's submission of both definitions of intoxication in the charge permitted the jury to consider whether Appellant lost the normal use of mental or physical faculties by reason of the introduction of alcohol or possessed an alcohol concentration of 0.08 or more.

---

[2] By statute, the definition of intoxication looks to the time when the defendant was operating a motor vehicle, not to when testing occurred. TEX. PENAL CODE Ann. § 49.01 (2). "Retrograde extrapolation is the computation back in time of the blood-alcohol level - that is, the estimation of the level at the time of driving based on a test result from some later time." *Mata v. State*, 46 S.W.3d 902, 908 (Tex. Crim. App. 2001).

[3] Appellant does not challenge the determination that (1) he was operating a motor vehicle (2) in a public place.

The evidence shows that roughly an hour and fifteen minutes after Appellant was stopped, his breathalyzer tests registered BACs of .298 and .309—more than three times the legal limit of 0.08.  There was no evidence Appellant consumed alcohol after driving.  Thus, despite the absence of any retrograde extrapolation, Appellant's breathalyzer results tend to make it more probable than not that he was intoxicated at the time he drove under either definition of intoxication because the test results provided evidence that he had consumed alcohol.  *Kirsch*, 306 S.W.3d at 745 ("BAC-test results, even absent expert retrograde extrapolation testimony, are often highly probative to prove both per se and impairment intoxication."); *Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006) (results from defendant's breath test, taken more than an hour after traffic stop, had considerable probative value on issue of intoxication at time of driving).  *See Stewart*, 129 S.W.3d at 96.

Aside from Appellant's breathalyzer test results, additional testimony evidences Appellant's guilt when viewed in a light most favorable to the jury's verdict.  Deputy Hubbard testified she observed Appellant driving across a yellow line into the lane of oncoming traffic.  When Hubbard requested to see Appellant's driver's license, he struggled locating it in his wallet before she retrieved it for him.  Appellant's breath was said to smell of alcohol, consistent with Appellant's admission during the traffic stop that he had consumed ten beers.  *See Kirsch*, 306 S.W.3d at 745 (admission of drinking alcoholic beverages and erratic driving raises inferences of intoxication); *Zill v. State*, 355 S.W.3d 778, 786-88 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (strong odor of alcohol and admission of drinking raises inferences of intoxication).  Moreover, after being indicted for the offense, Appellant jumped bail and fled the jurisdiction for three years

6

before being caught re-entering the United States from Mexico.  While flight alone is not dispositive of a defendant's guilt, a defendant's flight is an action from which an inference of guilt may be drawn.  *Bigby v. State*, 892 S.W.2d 864, 883-84, (Tex. Crim. App. 1994); *Foster v. State*, 779 S.W.2d 845, 849 (Tex. Crim. App. 1989).  *See Jackson v. State*, 530 S.W.3d 738, 742 n.1 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("flight is circumstantial evidence of guilt").

In conclusion, the admitted evidence supports the jury's finding that Appellant was intoxicated while operating his car.  We overrule Appellant's single issue on appeal.

Lawrence M. Doss
Justice

Publish.